UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **JESUS EFREN GASTELLUM**, <br> Defendant. | Case No. 14-cr-00637-YGR-1 <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE AND APPOINT COUNSEL** <br><br> Re: Dkt. No. 64 |

On November 2, 2015, defendant Jesus Efren Gastellum filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and for appointment of counsel. (Dkt. No. 64.) On December 16, 2015, the Federal Public Defender filed a Notice of Non-Intervention. (Dkt. No. 68.) On February 10, 2016, the probation office filed a sentence reduction investigation report concluding the defendant is not entitled to a reduction. (Dkt. No. 69.)

Having read and carefully considered the papers submitted, and for the reasons explained below, the Court **DENIES** defendant's motion.

"Under § 3582(c)(2), a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Pleasant*, 704 F.3d 808, 810-11 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)) (internal quotations and citation omitted) (emphasis in original).

Defendant's motion for a reduction in sentence is premised upon Amendment 782 (which reduced by two the offense level for many drug trafficking offenses). The U.S. Sentencing Commission provided a November 1, 2014 effective date for the amendment, which was issued on July 18, 2014. U.S. Sentencing Commission Guidelines ("USSG") § 1B1.10(a)(1) provides that a

defendant's sentence may be reduced where the applicable guideline range has been lowered as a result of an amendment.

The Court has reviewed the defendant's motion, the sentence reduction investigation report, and the underlying case file. Here, the defendant was sentenced on April 9, 2015, to a term of 70 months on each of two counts to run concurrently. The sentence was calculated using the U.S. Sentencing Commission's 2014 Guidelines Manual, which already incorporated Amendment 782. Thus, the defendant's sentence was not based on a sentencing range that has subsequently been lowered by amendment, and the motion therefore fails under the first prong of *Pleasant*. Accordingly, the defendant's motion for a reduction in sentence is **DENIED**.

In light of the foregoing, there is no need for an evidentiary hearing regarding resentencing. Thus, the defendant's motion for appointment of counsel is also **DENIED**. *See United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (holding defendant not entitled to appointed counsel in connection with 18 U.S.C. § 3582(c) motion where no evidentiary hearing was required).

This Order terminates Docket Number 64.

**IT IS SO ORDERED.**

Dated: March 22, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**